The facts in this case as stated by Mr. Justice Bodine in the court of errors and appeals, in Colton Manor Co. v. Davis,104 N.J. Eq. 452, as presented at the hearing upon the order to show cause were, viz:
"After Dr. Davis received the lease he did not accept it, but began to negotiate for different terms. On October 5th, 1925, the president of the Colton Manor Company requested by letter the doctor to execute the lease as submitted. On November 16th, another letter was written to Dr. Davis' attorney, requesting that the lease be returned to the company and that another lease be drafted in accordance with Dr. Davis' idea for submission to the board of directors of the company. The attorney replied that Dr. Davis was away, that he could not return the lease, and that he could not draw a new one because he lacked instructions from Dr. Davis. On December 3d 1925, a letter was written by the president of the company to Dr. Davis, stating that the lease had not been executed; that it could not then be executed; and further, he requested the return of the paper. On December 10th, Dr. Davis wired the president of the company asking if he should have a lease drawn up. The president of the company wired that he should do so. On February 11th, 1926, the president of the company, nothing having transpired in the meantime, wrote Dr. Davis a lenghty letter reviewing the matter and stating: "As the matter stands at the present time you have no space or lease with the Colton Manor Company." No further action was taken by Dr. Davis, and the Colton Manor Company proceeded with the erection and completion of its building without making any provision for Dr. Davis.
It was after this and on June 7th, 1926, that Dr. Davis *Page 78 
signed the lease, placed it on record, and commenced the ejectment suit in question."
In addition to these facts, which were also proven at the final hearing, it was also proven at such hearing that on April 17th, 1926, the board of directors passed a resolution ratifying the action of the president of the company in withdrawing the proposed lease; and on July 24th, 1926, a resolution was passed as follows:
"Upon information furnished to the directors by Mr. Kelley, that Dr. W. Price Davis, Jr., intended to hold the company to his lease, it was regularly moved and seconded, and agreed by unanimous vote, that their ratification of April 17, of the action of the President, Henry G. Hodges, withdrawing the proposed lease, be rescinded. The Secretary, Mr. Boughton, was instructed to arrange a conference with Dr. Davis and the Directors, for the purpose of ascertaining the true facts of the aforesaid lease. There being no further business, the meeting was adjourned.
July 24, 1926."
Mr. Justice Bodine continued:
"It is apparent that the minds of the parties never met, and that the proposed lease was a mere offer; that Dr. Davis never accepted the offer until after it was withdrawn by the president of the company; and, further, the placing of the lease upon record, if it accomplishes any purpose, does tend to becloud the title of the Colton Manor Company. The facts and circumstances necessary to demonstrate the nullity of the instrument might quite readily cause uncertainty in the trial of an ejectment suit."
It will be noted that on June 7th, 1926, at the time Dr. Davis signed the lease and recorded the instrument, the resolution of April 17th was still in force and its validity, if any it had, was effective. It will also be noted that the resolution of July 24th, 1926, did nothing more than to open the matter for negotiations.
If the minds of the parties had not met at the time Dr. Davis signed the lease, it is clearly proven that they have never met since, and a decree will be advised in accordance with these views. *Page 79